IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

VICENTE ANAYA,

    Plaintiff,

vs.                                                                 Civ. No. 12-345 JP/WPL

STATE OF NEW MEXICO,
DEPARTMENT OF CORRECTIONS, and
JOE WILLIAMS, CORRECTIONS SECRETARY,
ROSWELL CORRECTIONAL CENTER, JONI BROWN,
Warden, Individually and in her official capacity,
a SUBSIDIARY OF GEO GROUP, INC., and GEO GROUP INC.,
and LEA COUNTY CORRECTIONAL FACILITY,
SUBSIDIARY of GEO GROUP, INC., and GEO GROUP INC.,
and JAMES JANECKA, Warden, Individually and in his official capacity,

    Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

On June 28, 2011, Plaintiff filed in state court PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY (State Complaint) against Guadalupe County Correctional Facility (GCCF), a Division of the GEO Group, Inc.; the GEO Group, Inc.; and John Does 1-10. Doc. No. 13-1. Plaintiff alleged in the State Complaint that on January 2, 2005 the New Mexico Department of Corrections took him into custody to begin an eight year and one day sentence of imprisonment. In addition, Plaintiff alleged that in April 2009, while incarcerated, an inmate assaulted him and that he "only suffered minor physical injuries, and no medical treatment was given." *Id*. at ¶ 6. Plaintiff also maintained that in July 2009 he was transferred to the Southern New Mexico Correctional Facility where an audit of his good time credit revealed that he had accrued 2039 days of good time credit. According to Plaintiff, he should have been released from imprisonment on June 5, 2007. Plaintiff was finally released on July 15, 2009. Plaintiff

sued under the New Mexico Tort Claims Act (NMTCA) for, among other things, lost earnings, lost earning capacity, and "compensatory damages related to the 2 years spent incarcerated wrongfully, exacerbated by the assault that was perpetrated upon him long after he should have no longer been incarcerated...."  *Id*. at ¶¶ A-B.

An attorney initially represented Plaintiff in the state lawsuit, but that attorney was apparently disbarred while the litigation was pending.  Plaintiff subsequently pursued his state lawsuit *pro se*.  The defense attorney in the state lawsuit, Patrick Allen, also represents in this federal lawsuit Defendants Lea County Correctional Facility (LCCF), a subsidiary of the GEO Group, Inc., and the GEO Group, Inc.; and James Janecka, the LCCF warden.  Additionally, Mr. Allen represented Defendants GCCF, a subsidiary of the GEO Group, Inc. and the GEO Group, Inc., and Erasmo Bravo, the GCCF warden, when they were Defendants in this lawsuit.  *See, infra.*

Plaintiff, while *pro se*, eventually agreed to dismiss the State Complaint with prejudice. The original proposed stipulated dismissal stated that the parties would stipulate to dismissing all of Plaintiff's claims "herein with prejudice."  Doc. No. 22-1.  Plaintiff then consulted with attorney Max Houston Proctor about the proposed stipulated dismissal.  Consequently, Mr. Proctor wrote to Mr. Allen asking that the stipulated dismissal be limited to only the claims alleged in the State Complaint, i.e., the NMTCA claims.  Mr. Proctor noted that the initial wording of the proposed stipulated dismissal "could be interpreted as a dismissal of all [of Plaintiff's] civil rights [claims] he might want to file in another lawsuit pursuant to the United States Constitution."  Doc. No. 22-2.  Mr. Allen obliged Mr. Proctor and, on February 15, 2012, the parties stipulated to a dismissal with prejudice of the NMTCA claims.  Doc. No. 22-3.

Plaintiff later retained Mr. Proctor and brought this federal lawsuit under 42 U.S.C. §§ 1983 and 1988 for alleged violations of the United States Constitution, and under the New Mexico Constitution for alleged violations of the state constitution.  The factual basis for this lawsuit is also the alleged failure to apply Plaintiff's earned good time credit to his sentence of imprisonment.  Plaintiff sued the State of New Mexico; the State Department of Corrections; the State Department of Corrections Secretary Joe Williams; GCCF, a subsidiary of the GEO Group, Inc. and the GEO Group, Inc.; Bravo; Chaves County Correction Center (CCCC), a subsidiary of the GEO Group, Inc. and the GEO Group, Inc.; Alfonso Solis, the CCCC warden; LCCF, a subsidiary of the GEO Group, Inc. and the GEO Group, Inc.; and Janecka.

On May 24, 2012, Defendants GCCF, Bravo, LCCF, Janecka, and the GEO Group, Inc. (the Original GEO Defendants) filed CERTAIN DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT (Doc. No. 13) (First Motion to Dismiss) in which they argue that Plaintiff's claims against them should be dismissed on the grounds of *res judicata*.  The First Motion to Dismiss is currently pending and will be addressed in this MEMORANDUM OPINION AND ORDER.  The Original GEO Defendants, however, do not indicate if they brought the First Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted" or under Fed. R. Civ. P. 56(a) for summary judgment.  Since both the Original GEO Defendants and Plaintiff have attached documents to their briefs which are outside of the pleadings and the Court will consider those documents in deciding the First Motion to Dismiss, the Court will treat the First Motion to Dismiss as a Rule 56(a) motion for summary judgment.  *See, e.g., Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998) ("A motion to dismiss for failure to state a claim upon which relief can be granted must be converted into a motion for summary judgment whenever the district court

3

considers matters outside the pleadings.").

On September 6, 2012, the Court granted Plaintiff's MOTION TO DISMISS CERTAIN DEFENDANTS AND MOTION TO AMEND TO INCLUDE OTHER PROPER DEFENDANTS (Doc. No. 25) and dismissed with prejudice Plaintiff's claims against GCCF, a subsidiary of the GEO Group, Inc. and the GEO Group, Inc.; Bravo; CCCC, a subsidiary of the GEO Group, Inc. and the GEO Group, Inc.; and Solis.  MEMORANDUM OPINION AND ORDER (Doc. No. 31); PARTIAL ORDER OF DISMISSAL (Doc. No. 32).  The Court also granted Plaintiff's request to amend the complaint to add Roswell Correctional Center (RCC), a subsidiary of the GEO Group, Inc. and the GEO Group, Inc.; and Joni Brown, the RCC warden, as defendants by allowing Plaintiff to file an amended complaint which adds proper defendants associated with his alleged wrongful incarceration at RCC.  MEMORANDUM OPINION AND ORDER (Doc. No. 31) at 4.  The Court made this ruling after noting that the Original GEO Defendants stated that (1) RCC is not a subsidiary of the GEO Group, Inc.; (2) RCC is not operated by the GEO Group, Inc., and (3) the GEO Group, Inc. does not employ Brown.  *Id*. at 3.  The Court further reminded Plaintiff's counsel that Fed. R. Civ. P. 11(b) requires counsel to conduct a reasonable investigation into who are the proper defendants.  *Id*.  Then, on September 10, 2012, Plaintiff filed an AMENDED COMPLAINT FOR DAMAGES (Doc. No. 34) (Amended Complaint) which adds RCC, a subsidiary of the GEO Group, Inc. and the GEO Group, Inc.; and Brown as Defendants.

On the next day, September 11, 2012, the GEO Group, Inc.; LCCF; and Janecka filed THE GEO DEFENDANTS' SECOND MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT (Doc. No. 35) (Second Motion to Dismiss).  The Second Motion to Dismiss is also pending and will be addressed in this MEMORANDUM OPINION AND ORDER.  The

remaining Original GEO Defendants argue in the Second Motion to Dismiss that in addition to *res judicata* there are other reasons for dismissing Plaintiff's claims against them. First, the remaining Original GEO Defendants contend that Plaintiff cannot sue LCCF because it is not amenable to suit as a correctional facility. Second, the remaining Original GEO Defendants assert that in dismissing Plaintiff's claims against (1) GCCF, a subsidiary of the GEO Group, Inc. and the GEO Group, Inc., and (2) CCCC, a subsidiary of the GEO Group, Inc. and the GEO Group, Inc., the Court has already dismissed the claims against the GEO Group, Inc., claims which Plaintiff apparently brought again when he added RCC, a subsidiary of the GEO Group, Inc. and the GEO Group, Inc. as a defendant. Third, the remaining Original GEO Defendants contend that Plaintiff does not state a cognizable § 1983 claim against Janecka. Finally, the remaining Original GEO Defendants argue that Plaintiff cannot seek liability against the GEO Group, Inc. by suing RCC and Brown because the New Mexico Corrections Department website shows that the GEO Group, Inc. does not operate RCC. *See* Exhibit A (Doc. No. 35-1). Should the Court conclude that it cannot consider the New Mexico Corrections Department website, the remaining Original GEO Defendants request either (1) an order requiring Plaintiff to show cause why he did not comply with Rule 11(b) by failing to conduct a reasonable investigation before alleging that RCC is affiliated with the GEO Group, Inc., or (2) that the Court convert the Second Motion to Dismiss into a motion for summary judgment so that the Court can consider the New Mexico Corrections Department website.

  The Court notes that Plaintiff has not responded to the Second Motion to Dismiss "within the time prescribed for doing so...." D.N.M. LR-Civ. 7.1(b). *See also* D.N.M. LR-Civ. 7.4(a) (timing of responses). Under the Local Rules, a failure to respond "constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b). Since Plaintiff has failed to respond to the Second Motion

to Dismiss, the Court could grant the Second Motion to Dismiss on that basis alone. However, in the interest of justice, the Court will examine the merits of the First Motion to Dismiss before deciding if it is necessary to address the Second Motion to Dismiss either on the merits or under D.N.M. LR-Civ. 7.1(b).

Moreover, the Court will assume, for the sake of argument, that the GEO Group, Inc. operates RCC and employs Brown. Hence, the Court will include RCC and Brown in its discussion of the motions to dismiss and will collectively refer to the remaining Original GEO Defendants, RCC, and Brown as the GEO Defendants.

*A. Standard of Review for a Motion for Summary Judgment.*

Summary judgment is appropriate if there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[1] When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939

---

[1] Rule 56 was amended effective December 1, 2010, but the standard for granting summary judgment remains unchanged.

F.2d at 891.

B. *The First Motion to Dismiss: Res Judicata.*

As an initial matter, the GEO Defendants correctly argue that Plaintiff cannot sue structural facilities like LCCF and RCC because they are not legal entities subject to suit. *See Abalos v. Bernalillo County District Attorney's Office*, 105 N.M. 554, 557, 734 P.2d 794, 797 (Ct. App. 1987). The proper party to sue is the entity operating the facility, which in this case is allegedly the GEO Group, Inc. *See id.* Consequently, summary judgment should be entered dismissing Plaintiff's claims against LCCF and RCC. The Court will, therefore, conduct its *res judicata* analysis only with respect to the individual GEO Defendants (Janecka and Brown) and to the GEO Group, Inc.

The purpose of *res judicata* is to bar the relitigation of claims that were, or could have been, raised in prior litigation. *State ex rel. Martinez v. Kerr-McGee Corp.*, 120 N.M. 118, 121, 898 P.2d 1256, 1259 (Ct. App. 1995). Since the first final judgment was entered in New Mexico state court, New Mexico law guides the *res judicata* analysis. *See Gonzales v. Hernandez*, 175 F.3d 1202, 1204 (10th Cir. 1999) (citing 28 U.S.C. § 1738). In New Mexico, *res judicata* bars a claim if four elements are met: "(1) identity of parties or privies, (2) identity of capacity or character of persons for or against whom the claim is made, (3) same cause of action, and (4) same subject matter." *Three Rivers Land Co., Inc. v. Maddoux*, 98 N.M. 690, 694, 652 P.2d 240, 244 (1982), *overruled on other grounds by Universal Life Church v. Coxon*, 105 N.M. 57, 728 P.2d 467, 469 (1986).

*1. The Individual GEO Defendants.*

The GEO Defendants argue first that the individual GEO Defendants are in privity with the GEO Group, Inc., a defendant in the state lawsuit, because the GEO Group, Inc. allegedly

7

employs Janecka and Brown as wardens. First, it is undisputed that the GEO Group, Inc. was a defendant in the state lawsuit. *See* State Complaint at ¶ 2 ("*Defendant* Geo Group, Inc. is a private company operating a correctional facility for profit in Santa Rosa, New Mexico....") (emphasis added). Second, Plaintiff implies in the Amended Complaint that Janecka and Brown are GEO Group, Inc. employees since they work for facilities which are allegedly subsidiaries of the GEO Group, Inc. *See* Amended Complaint at ¶¶ 18 and 19. Accordingly, the Court must decide if employees in a second lawsuit are in privity with their employer, a defendant in the first lawsuit.

In *Gonzales v. Hernandez*, 175 F.3d 1202 (10th Cir. 1999), a case similar to this one, the issue of claim preclusion or *res judicata* arose when the plaintiff unsuccessfully sued her employer, Las Vegas Medical Center (LVMC), in state court for alleged employment discrimination and retaliation under state law and then sued LVMC employees in federal court for the same alleged misconduct, but under federal civil rights law. The plaintiff argued that there was no privity between the employer and the employees even though the employer was vicariously responsible for the actions of its employees. The Tenth Circuit Court of Appeals applied New Mexico law on claim preclusion involving vicarious responsibility as described in *Ford v. New Mexico Dept. of Public Safety*, 119 N.M. 405, 891 P.2d 546 (Ct. App. 1994). The New Mexico Court of Appeals in *Ford* adopted the *Restatement (Second) of Judgments* § 51 (1980) which "recognizes that when an injured party initiates separate actions against a vicariously liable party and the primary obligor, and the injured party is unsuccessful in one claim, she is thereafter precluded from litigating a second claim based on the same conduct." *Gonzales*, 175 F.3d at 1205. To trigger claim preclusion under § 51, four elements must be met:

>   (1) liability under one of the claims is based on vicarious responsibility for the defendants in the other claim; (2) the first judgment would preclude a subsequent claim by plaintiff against the first defendants for the conduct alleged in the second claim; (3) the claims in the second action are claims that could have been asserted against the first defendants in the first action; and (4) the first judgment was not based on a defense personal to the first defendants.

*Id.* (citing *Ford*, 119 N.M. at 409, 891 P.2d at 550).  The Court will address each of these elements in deciding whether *res judicata* bars Plaintiff's claims against the individual GEO Defendants.

### a. Liability Based on Vicarious Responsibility.

In *Gonzales*, the first element was met because "[t]he state claim against LVM was based on vicarious responsibility for the actions of LVMC's employees, defendants in" the second lawsuit. *Id*. That is the same situation as here. *See, also, Bradley v. Lovelace Sandia Health System,* 2009 WL 6667452 at *6-7 (N.M. App.) (unpublished decision) (the NMTCA permits vicarious liability); *Ocana v. American Furniture Co.*, 2004-NMSC-018 ¶ 29, 135 N.M. 539 ("Under basic respondeat superior principles, an employer is liable for an employee's torts committed within the scope of his or her employment."). Consequently, the individual GEO Defendants have met the first § 51 element.

### b. The First Judgment Would Preclude a Subsequent Claim Against the First Defendant in the Second Lawsuit.

This § 51 element requires the Court to determine whether New Mexico law would bar Plaintiff from bringing this federal lawsuit against the GEO Group, Inc. *Gonzales*, 175 F.3d at 1205.  In analyzing the second § 51 element, the Tenth Circuit in *Gonzales* explained that "a final judgment against a plaintiff extinguishes all rights to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Id.* at 1205-1206 (citing *Ford*, 119 N.M. at 413, 891 P.2d at 554). Although a

single transaction can "'cause[] a number of harms to, or invade[] a number of different interests of the same person, there is still but one transaction; a judgment based on the act usually prevents the person from maintaining another action for any of the harms not sued for in the first action....'" *Ford*, 119 N.M. at 413, 891 P.2d at 554 (quoting *Restatement (Second) of Judgments* § 24(2) (1980)).  In other words,

> [t]hat a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims.  This remains true although the several legal theories depend on different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.

*Id.* (quoting *Restatement (Second) of Judgments* § 24(2) (quotation marks omitted)).  This same analysis is used "to determine what constitutes a cause of action for *res judicata* purposes." *Apodaca v. AAA Gas Co.*, 2003-NMCA-085 ¶ 78, 134 N.M. 77.

Both the state lawsuit and this federal lawsuit arose out of one transaction:  the failure to apply Plaintiff's earned good time credit to his sentence of imprisonment.  The stipulated dismissal in the state court, therefore, "extinguishe[d] all right to remedies" against the GEO Group, Inc. regarding the failure to apply Plaintiff's earned good time credit to his sentence of imprisonment.  The fact that different theories of liability, including liability based on federal and state constitutional claims, could be asserted does not create a foundation for multiple lawsuits.  Moreover, the mention of an assault in the state lawsuit simply adds a "shading of fact" to the single transaction.  Under these circumstances, New Mexico law would preclude a second lawsuit against the GEO Group, Inc.  The second element of § 51 has, therefore, been met.

>	*c. Claims in the Second Action Could Have Been Asserted Against the First Defendant in the First Lawsuit.*

No statute or regulation prevented Plaintiff from asserting the § 1983 claims against the GEO Group, Inc. in the state lawsuit. *See Gonzales*, 175 F.3d at 1206 (Plaintiff's "42 U.S.C. §§ 1981 and 1983 claims asserting discrimination and retaliation could have been brought against LVMC in state court."). In fact, "[i]t is settled that state and federal courts share concurrent jurisdiction over § 1983 claims for the denial of federal constitutional rights." *Carter v. City of Las Cruces*, 121 N.M. 580, 582, 915 P.2d 336, 338 (Ct. App. 1996) (cited and quoted in *Gonzales*, 175 F.3d at 1206). Additionally, Plaintiff fails to argue why he could not have brought his state constitutional claims in the state lawsuit. Plaintiff, however, asserts that he did not move to amend his state lawsuit to include federal and state civil rights claims because Mr. Allen had agreed to allow Plaintiff to dismiss only his NMTCA claims and, by implication, agreed to allow Plaintiff to bring the civil rights claims in a separate federal lawsuit.

In *Perez v. Gordon & Wong Law Group, P.C.*, 2012 WL 1029425 (N.D. Cal.) (slip copy), a case discussing the reservation of the right to sue and *res judicata*, the first court dismissed the lawsuit with prejudice after the parties entered into a settlement agreement expressly preserving the plaintiff's right to bring suit against certain defendants in a subsequent proceeding. When the plaintiff brought the second lawsuit as contemplated in the settlement agreement, the defendants argued that *res judicata* barred the plaintiff's claims against them. The court noted that "the ability of parties to limit the scope of a judgment's preclusive effect through the terms of a settlement agreement is an exception to the rule of res judicata recognized by several federal appellate courts, including the [Tenth Circuit]." *Id.* at *4 (citing *May v. Parker-Abbott Transfer and Storage, Inc.*, 899 F.2d 1007 (10th Cir. 1990)). The court, therefore,

11

"look[ed] to the terms of the settlement agreement to see whether Plaintiff's claims against Defendants here were expressly reserved." *Id*. at *5.  Applying California caselaw on contract interpretation, the court found that the plaintiff's claims were expressly reserved in the settlement agreement and that *res judicata*, therefore, did not bar those claims.

The Tenth Circuit in *May* held that since consent decrees are contractual in nature, "their terms may alter the preclusive effects of a judgment."  899 F.3d at 1010.  The Tenth Circuit also noted that it was unwilling to infer from a consent decree a reservation of a right to sue in subsequent litigation.  Parties must expressly reserve that right in the consent decree in order to "suspend the application of this circuit's principles of res judicata." *Id*. at 1011.

In this case, there is no written agreement reserving a right to sue.  Although one could infer from Mr. Allen's response to Mr. Proctor's letter that Mr. Allen was aware that Plaintiff might bring another lawsuit, there is no evidence suggesting that Mr. Allen expressly agreed to allow Plaintiff to bring a federal lawsuit.  Without evidence of an express agreement to reserve a right to sue, the Court can only conclude that Plaintiff could have asserted his civil rights claims against the GEO Group, Inc. in the state lawsuit.  Hence, the third element of § 51 is met.

> d. *The First Judgment was Not Based on a Defense Personal to the First Defendant.*

The first judgment in state court was based on Plaintiff's voluntary dismissal of his NMTCA claims.  There is no indication that the voluntary dismissal was premised on a defense personal to the GEO Group, Inc.  Consequently, the fourth element of § 51 is met.  In sum, the four elements of § 51 have been met and *res judicata*, therefore, bars Plaintiff from bringing this lawsuit against the individual GEO Defendants.  Summary judgment should be entered in favor of the individual GEO Defendants.

2. *The GEO Group, Inc.*

a. *Same Parties or Parties in Privity.*

Plaintiff refers to the GEO Group, Inc. in the state lawsuit as "Defendant." State Complaint at ¶ 2. In the federal lawsuit, Plaintiff sued LCCF and RCC as subsidiaries of the GEO Group, Inc. and the GEO Group, Inc.[2] Although LCCF and RCC are not proper defendants, the proper defendant is the entity which operates LCCF and RCC, which in this case is allegedly the GEO Group, Inc. A liberal construction of the Amended Complaint would lead a reasonable person to conclude that Plaintiff is indeed suing the GEO Group, Inc. as the operator of LCCF and RCC. Since the Court construes the Amended Complaint as naming the GEO Group, Inc. as a defendant, the same parties requirement is met.

b. *Same Capacity or Character of Persons.*

"The requirement that a party be in the same or similar legal capacity in a suit relates to the fundamental precept that a person cannot be bound by a judgment unless he has had reasonable notice of the claim against him and an opportunity to be heard in opposition to that claim." *Three Rivers Land Co., Inc.*, 98 N.M. at 694, 652 P.2d at 244 (internal quotation marks and citations omitted). Obviously, the GEO Group, Inc. had reasonable notice of the wrongful detention claim in state court and an opportunity to oppose that claim. The same capacity requirement is also met.

---

[2]Plaintiff describes the GEO Group, Inc. in the Amended Complaint as "an independent contractor, authorized to incarcerate persons who have been convicted within the State of New Mexico." Amended Complaint at ¶ 7.

### c. Same Subject Matter

The subject matter in both the state and federal lawsuits is the alleged wrongful detention of Plaintiff based on a failure to apply earned good time credit to his sentence of imprisonment. Plaintiff claims that the state lawsuit subject matter also included the assault incident, which is not mentioned in the federal lawsuit. The State Complaint, however, does not include the assault in the description of the NMTCA claims for wrongful detention. *See* Doc. No. 13-1 at ¶¶ 10-14. Instead, Plaintiff brings up the alleged assault in the context of his request for compensatory damages: "Enter judgment for Plaintiff against the Defendants for compensatory damages related to the 2 years spent incarcerated wrongfully, <u>exacerbated by the assault</u> that was perpetrated upon him long after he should have no longer been incarcerated in an amount to be proven at trial." *Id*. at ¶ A (emphasis added). Should the issue of damages arise in the present case, the Court would be surprised if the allegation of assault did not reappear as a factor in a damages determination. The Court concludes that the same subject matter element has, likewise, been met.

### d. Same Cause of Action.

The Court has already analyzed this element under the vicarious responsibility analysis of claim preclusion when the Court determined that the state court judgment would preclude a subsequent claim against the GEO Group, Inc. in the federal lawsuit. Hence, the same cause of action element has been met. Since all of the *res judicata* elements have been met with respect to the GEO Group, Inc., Plaintiff's claims against the GEO Group, Inc. are barred and summary judgment should be entered in favor of the GEO Group, Inc. Moreover, in light of the Court's determination to enter summary judgment in favor of the GEO Defendants, the Second Motion to Dismiss is now moot.

*C. Conclusion.*

  Three reasons support granting the First Motion to Dismiss and entering summary judgment in favor of the GEO Defendants.  First, LCCF and RCC are not proper Defendants because they are correctional facilities and not operators of correctional facilities.  Second, Plaintiff is barred from bringing this lawsuit against the individual GEO Defendants (Janecka and Brown) under the doctrine of *res judicata* as it applies to vicarious responsibility relationships.  Third, Plaintiff is barred from bringing this lawsuit against the GEO Group, Inc. under general principles of *res judicata*.  These rulings make it unnecessary to address the Second Motion to Dismiss.  The Second Motion to Dismiss should, therefore, be denied as moot.

  IT IS ORDERED that:

  1.  CERTAIN DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT (Doc. No. 13) is granted;

  2.  summary judgment will be entered in favor of Defendants the GEO Group, Inc.; LCCF, a subsidiary of the GEO Group, Inc., and the GEO Group, Inc.; RCC, a subsidiary of the GEO Group, Inc. and the GEO Group, Inc.; Janecka; and Brown dismissing Plaintiff's claims against those Defendants; and

  3.  THE GEO DEFENDANTS' SECOND MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT (Doc. No. 35) is denied as moot.

               */s/ James A. Parker*
               SENIOR UNITED STATES DISTRICT JUDGE