IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**VINCENTE ANAYA,**

    Plaintiff,

v.

                                 Civ. No.   12-345 JP/WPL

**STATE OF NEW MEXICO, DEPARTMENT
OF CORRECTIONS, and JOE WILLIAMS,
Corrections Secretary,**

    Defendants.

**MEMORANDUM OPINION AND ORDER**

In STATE DEFENDANTS' MOTION TO DISMISS AND FOR QUALIFIED IMMUNITY AND MEMORANDUM IN SUPPORT THEREFORE (Doc. No. 59) (Motion), the remaining Defendants ("State Defendants")[1] seek dismissal of Plaintiff Vicente Anaya's AMENDED COMPLAINT FOR DAMAGES ("Amended Complaint") (Doc. No. 34) for failure to state a claim under Fed. R. Civ. P. 12(b)(6) based on State Defendants' assertion of immunity from all of Plaintiff's claims.   Plaintiff filed a RESPONSE TO MOTION TO DISMISS AND FOR QUALIFIED IMMUNITY FILED BY DEFENDANTS STATE OF NEW MEXICO AND

---

[1] On September 6, 2012, the Court dismissed with prejudice Plaintiff's claims against earlier named Defendants and allowed him to amend his complaint to add other Defendants.   (Doc. Nos. 31, 32.)   On September 10, 2012, Plaintiff filed an AMENDED COMPLAINT FOR DAMAGES (Doc. No. 34), adding new Defendants.   On November 16, 2012, the Court granted summary judgment in favor of the new Defendants and dismissed Plaintiff's claims against them.   (Doc. No. 38.)   Thus, the only remaining Defendants are the State Defendants.

1

JOE WILLIAMS, CORRECTIONS SECRETARY (Doc. No. 69) (Response).[2]  State Defendants filed a REPLY IN SUPPORT OF MOTION TO DISMISS (Doc. No. 74) (Reply).

The Court carefully considered the pertinent law and pleadings, along with argument by counsel.  As explained below, the Court will grant State Defendants' motion to the extent that it dismisses some claims with prejudice and some without prejudice.

## Background Relevant to the Motion

Plaintiff alleges that the State of New Mexico and the Department of Corrections took him into custody on January 2, 2005, to begin an eight year and one day period of incarceration. (Amended Complaint, ¶ 20.)  Plaintiff contends that while incarcerated he earned sufficient good time credits to allow his early release on about June 5, 2007, but that he remained incarcerated until July 15, 2009.  (Id., ¶¶ 22, 23, 24.)  In other words, Plaintiff argues that he accumulated six years of good time credit during the period January 2, 2005 through June 5, 2007.  Thus, this civil rights lawsuit arises out of allegations that Plaintiff was wrongfully incarcerated for an extra period of 771 days because State Defendants failed to properly apply his earned good time credit to reduce his sentence.

Plaintiff asserts violations of the United States Constitution and the New Mexico State Constitution.  The Amended Complaint attempts to set out the following claims: (Count I) False

---

[2] Plaintiff attached several pages of Cathleen Catanach's deposition testimony to his response. (Response, at 15-16.)  It is unclear who Ms. Catanach is or how she might support Plaintiff's opposition to the request for dismissal.  The Court did not consider the exhibit attached to Plaintiff's response, and accordingly declines to recast the motion to dismiss as one for summary judgment. See Fed. R. Civ. P. 12(d); *Geras v. Int'l Bus. Mach. Corp.,* 638 F.3d 1311, 1314-15 (10th Cir. 2011) (court has discretion whether or not to consider additional information attached to pleadings).

2

Imprisonment against all Defendants under 42 U.S.C. § 1983; (Count II) False Imprisonment against all Defendants under the New Mexico Constitution; (Count III) substantive due process violations by all Defendants; (Count IV) "Ratification of Unconstitutional Conduct Pursuant to 42 U.S.C. § 1983" against State of New Mexico and New Mexico Department of Corrections for failing to investigate, reprimand and discipline state employees; (Count V) "Interference with Family Relationships Pursuant to 42 U.S.C. § 1983" against all Defendants; and (Count VI) "Further Causes of Action" ("catch-all count"), including abuse of legal process, false imprisonment, unlawful arrest, illegal seizure of property, public intrusions into privacy, deprivation of liberty and property without due process, cruel and unusual punishment, official misconduct and oppression, deprivation of life, liberty, and property, and "other causes of actions" guaranteed by the Constitution of the United States.   In his response, Plaintiff characterizes the "catch-all" count as the alleged deprivation of freedom and liberty in violation of the United States Constitution.   (Response at 2.)   Plaintiff seeks an award of both compensatory and punitive damages in the millions of dollars.   (Amended Complaint.)

    **I.**    **Motion to Dismiss Briefing**

State Defendants argue that the Amended Complaint either fails to state a claim under pertinent legal standards or that they are entitled to immunity.   Specifically, State Defendants contend that Plaintiff fails to state a claim against Department Secretary Joe Williams ("Secretary Williams") under Rule 12(b)(6) and *Twombly/Iqbal* standards (*see* discussion *infra*).   State Defendants also contend that Secretary Williams is entitled to qualified immunity. (Motion at 3-4; Reply at 2-6.)   In addition, State Defendants assert that they are immune from all § 1983 claims

and claims brought under the New Mexico Tort Claims Act. (Motion at 4-6.) Therefore, they ask the Court to dismiss the Amended Complaint in its entirety. (Motion at 7; Reply.)

Plaintiff contends that his Amended Complaint is not subject to dismissal under Rule 12(b)(6) because he alleged sufficient facts to state a claim for relief that is plausible on its face. (Response at 2.) However, he agrees that a number of claims against State Defendants must be dismissed as explained more fully below. Plaintiff's response further indicates that he now pursues claims against only Secretary Williams. (*See id.* at 11) ("Plaintiff has established a threshold case against Defendant, Joe Williams, for which this Court should allow this matter to proceed to a trial on the merits against said Defendant."); (*Id.* at 13) ("Defendants['] Motion to Dismiss should be denied as . . . to Defendant, Joe Williams, for which Plaintiff should be entitled to proceed to trial in this matter against said Defendant.").

## II.     Legal Standards

Upon a request to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court tests the legal sufficiency of a party's claim for relief. The Court presumes that all well-pleaded allegations are true and resolves all reasonable doubts and inferences in the pleader's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*"Twombly"*). Yet, the federal pleading duty is not trivial. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (*"Iqbal"*) (Rule 8 requirements "do[] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.")

To survive the Rule 12(b)(6) motion, Plaintiff's claims against Secretary Williams "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 570). Plausibility means that Plaintiff must plead facts which allow "the court to draw the reasonable inference that [Secretary Williams] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64. In other words, Plaintiff's factual allegations against Secretary Williams "must be enough to raise a right to relief above the speculative level." *See Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (citation omitted).

Plaintiff's Amended Complaint must provide more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," because "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (internal quotations omitted). "[A] plaintiff must 'nudge [ ][his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation omitted).

### III. Analysis

#### A. *Tort Claims Act claims and § 1983 claims against State, Corrections Department, and Secretary Williams in his official capacity*

The Court will dismiss, with prejudice, all state tort claims brought under the New Mexico Tort Claims Act ("the Act") against State Defendants. Plaintiff concedes in his response that

5

State Defendants are immune from any claims brought under the Act and agrees to voluntarily dismiss those claims.[3] (Response at 11.) Plaintiff does not argue that he brought other state law claims that might proceed against any of the State Defendants.

The Court will also dismiss all claims against the State of New Mexico, Department of Corrections, and Secretary Williams, as sued in his official capacity.[4] The Eleventh Amendment bars suits for damages against a state, its agencies, and its officials acting in their official capacities, including § 1983 claims. *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992). *See, e.g., Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) (Eleventh Amendment bars suit in federal court against a state); *Quern v. Jordan*, 440 U.S. 332, 345 (1979) (Congress did not abrogate a state's Eleventh Amendment immunity through the enactment of 42 U.S.C. § 1983). *See also Sanchez v. Shillinger*, 1995 WL 321953, at * 1 (10th Cir. May 30, 1995) (unpublished) (affirming dismissal § 1983 claims against defendant Department of Corrections and prison officials sued in their official capacities in accordance with Eleventh Amendment immunity).

---

[3] The Amended Complaint does not explicitly reference the New Mexico Tort Claims Act (Doc. No. 34), but in briefing, the parties analyzed Plaintiff's claims under the Act. (Motion at 5-6; Response at 11; Reply at 1 n.1.)

[4] The Amended Complaint (Doc. No. 34 at 1) does not clearly assert claims against Secretary Williams in both his official and individual capacities, but the Court gives Plaintiff the benefit of the doubt that he intended to sue Secretary Williams in both capacities. In *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985), the Supreme Court recognized that while a complaint may not clearly specify whether state officials are sued personally or officially, the "course of proceedings" usually indicates the nature of the suit. Plaintiff's response might be construed to argue that he sues Secretary Williams in both capacities. (Response at 2) ("Defendants individually and in their official capacity"); (Response at 13) (Secretary Williams acted in his "individual government capacity").

The Eleventh Amendment forecloses any action seeking monetary damages against Secretary Williams in his official capacity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984); *White v. State*, 82 F.3d 364, 366 (10th Cir. 1996). When a state official is sued in his official capacity, the state is the real, substantial party in interest. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (federal suits against state officials acting in their official capacities fall within the Eleventh Amendment's proscription because "a suit against a state official in his or her official capacity ... is no different than a suit against the State itself.")

Plaintiff admits that Defendant State of New Mexico is immune from liability from § 1983 claims. (Response at 8.) Plaintiff, however, does not specifically concede that a state agency is similarly immune from suit. Moreover, he incorrectly asserts that his § 1983 claims against Secretary Williams in his official capacity can proceed. For the reasons stated above, the Court will dismiss, without prejudice,[5] all of Plaintiff's § 1983 claims against the State, the Department of Corrections, and Secretary Williams as sued in his official capacity.

---

[5] The dismissal is without prejudice to asserting the claims in state court because while Eleventh Amendment immunity bars suit in federal court, it does not preclude litigation in state court. *See Hainey v. Sirmons*, 2008 WL 554820, at *6 n. 11 (W.D. Okla. Feb. 26, 2008) (unpublished) (citations omitted) (discussing similar claim by plaintiff who was incarcerated past his proper discharge date). However, the Court observes that Plaintiff already brought litigation in state court. He was represented initially by different counsel who was disbarred. Plaintiff proceeded *pro se* in the state litigation and agreed to dismiss his Tort Claims Act claims with prejudice. Based on that earlier state lawsuit, this Court dismissed claims against certain previously named defendants on grounds of *res judicata*. (Doc. No. 38.) The Court makes no determination as to whether Plaintiff might still be able to bring claims against these Defendants in state court.

> **B.     *Section 1983 claims against Secretary Williams in his individual capacity***

Only the § 1983 claims against Secretary Williams in his individual capacity remain for resolution. Defendants urge that the claims are subject to dismissal for failure to state a claim under Rule 12(b)(6) and because of Secretary Williams's defense of qualified immunity. The Court concludes that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. In the alternative, the Court finds that Plaintiff's allegations are insufficient to overcome Secretary Williams's entitlement to qualified immunity. Therefore, the Court will dismiss all § 1983 claims brought against Secretary Williams in his individual capacity.

> (1)   <u>Failure to State a Claim</u>

The Court examines Rule 12(b)(6), *Twombly/*Iqbal standards, and § 1983 requirements to determine if Plaintiff's remaining claims against Secretary Williams in his individual capacity withstand scrutiny.

Personal participation by a defendant is necessary for individual liability under § 1983. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). Because "§ 1983 imposes liability for a defendant's own actions[,] personal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011).

In *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011), the Tenth Circuit Court of Appeals Court explained that a defendant sued in his individual capacity could be held liable under § 1983 based on personal liability or supervisory liability. However, the Tenth Circuit Court made the following observations:

> Personal liability "under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v.*

> *Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).  Supervisory liability "allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, [or] implements . . . a policy . . . which subjects, or causes to be subjected that plaintiff to the deprivation of any rights . . . secured by the Constitution." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, __ U.S. __, 131 S.Ct. 2150 (2011) (quotation omitted).
>
> . . . to establish supervisory liability, a plaintiff must show that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds*, 614 F.3d at 1199.

*Id.* at 1163-64.

Moreover, government officials cannot be held liable merely by the fact of their supervisory position. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996).  Instead, a supervisor defendant might be held responsible under a theory of supervisory liability if the plaintiff shows an "affirmative link" between the supervisor and the alleged constitutional violation.  *Dodds,* 614 F.3d at 1195.  This requires more than "a supervisor's mere knowledge of his subordinate's" conduct.  *See Iqbal*, 556 U.S. at 677.  Typically, three elements are necessary to establish a successful § 1983 claim against a defendant based on his supervisory responsibilities:  (1) personal involvement; (2) causation, and (3) state of mind.  *Schneider v. City of Grand Junction Police Dep't.*, 717 F.3d 760, 767-69 (10th Cir. 2013).

In reviewing the Amended Complaint, the Court observes that Secretary Williams is mentioned in the caption, an introductory paragraph stating he is a defendant, and two other paragraphs, alleging he, as Corrections Secretary, "is authorized to incarcerate persons who have been convicted within the State of New Mexico," and that he and a group of Defendants "acted

9

within the course and scope, of their responsibilities and duties . . . to incarcerate individuals who have been convicted of crimes . . . such as the Plaintiff . . . ."  (Amended Complaint at ¶¶ 5, 14.) The Amended Complaint fails to allege personal participation or involvement by Secretary Williams under any paragraph or specific cause of action.   The Amended Complaint contains no specific allegations regarding how Secretary Williams was involved in the alleged over-confinement or what Secretary Williams personally did to Plaintiff.   The Amended Complaint does not specify how Secretary Williams knew about Plaintiff's circumstances and proper release date.   Plaintiff does not assert that Secretary Williams oversaw the application of good-time credits or calculated the sentences of inmates.   (*See Brown*, 662 F.3d at 1165) (complaint must make clear exactly who is alleged to have done what to whom) (citation omitted).

Moreover, Plaintiff's Amended Complaint fails to allege supervisory liability based on Secretary Williams's promulgation or implementation of a policy.   *See id.* at 1164-65 (discussing insufficient allegations in the plaintiff's complaint).   His Amended Complaint does not contend that Secretary Williams created and executed a policy that affected the sentences or release dates of inmates.   In addition, there is no allegation that Secretary Williams acted with the required state of mind to establish an alleged constitutional deprivation.   *See Dodds*, 614 F.3d at 1199.

In his response, Plaintiff argues that there is "no one else" but Secretary Williams to blame for the alleged wrongful incarceration.   (Response at 4.)   He summarily contends that any reasonable person, "especially [Secretary Williams] would have known failure to release an inmate on time would result in deprivation of a constitutional right – liberty."   (*Id.*)   Plaintiff urges that Secretary Williams in his position of authority has "ultimate control and authority over

all aspects of the New Mexico Prison System," and therefore, was on notice that failure to release inmates in a timely manner was "his responsibility, not anyone else [sic]." (*Id.* at 5.)  The response asserts "[a]s the old saying goes, 'the buck stops' with Joe Williams, the head of the Department."  "The operation of the prison, good or bad, is Joe Williams's responsibility and no one else [sic]."  (*Id.* at 7.)  Plaintiff repeatedly argues that because of his position alone, Secretary Williams was accountable for the proper release dates of inmates.

Thus, Plaintiff contends that due to nothing more than his job title, Secretary Williams must be liable for any mistakes allegedly made with respect to calculating release dates.  As already stated, however, it is well established law that state officials cannot be held liable merely by the fact of their supervisory position.  Plaintiff must allege personal involvement in the purported violations, the promulgation of a policy that caused the violations, or that Secretary Williams's own actions violated the Constitution.  Moreover, he had to set out that "affirmative link" in the Amended Complaint, which he failed to do.  *See Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1156-57 (10th Cir. 2001.)  Plaintiff's speculation that Secretary Williams must have known about his situation and simply permitted an untimely release does not demonstrate any of the required elements for personal or supervisory liability, nor does Plaintiff's argument alone establish an affirmative link to the alleged constitutional violation.

Based on the allegations, the Court has no reason to believe that Plaintiff "has a reasonable likelihood of mustering factual support for the[] [§ 1983] claims" against Secretary Williams in his individual capacity.  Therefore, Plaintiff's factual allegations against Secretary Williams are not

sufficient "to raise a right to relief above the speculative level." Accordingly, all § 1983 claims against Secretary Williams in his individual capacity will be dismissed for failure to state a claim.

### (2) Qualified Immunity

Based on its rulings above, the Court need not reach Secretary Williams's assertion of qualified immunity. However, the Court determines, in the alternative, that Plaintiff's § 1983 claims against Secretary Williams will be dismissed because the Amended Complaint is insufficient to overcome Secretary Williams's qualified immunity defense.

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2080 (2011) (citation omitted).

In *Brown*, the plaintiff filed a § 1983 lawsuit against a probation officer and this same defendant, Secretary Williams, in their individual capacities. *Brown*, 662 F.3d at 1157-58. The defendants moved to dismiss, asserting, *inter alia,* entitlement to qualified immunity. The district court denied the motion to dismiss. On appeal, the Tenth Circuit Court concluded that Plaintiff Brown's complaint was insufficient to overcome Secretary Williams's qualified immunity defense and reversed the denial of the motion to dismiss, thereby disposing of all claims brought against Secretary Williams in his individual capacity. *Id.* at 1173.

The Tenth Circuit Court further observed that because it was reviewing the qualified immunity inquiry in the context of a Rule 12(b)(6) motion to dismiss, it must examine plausibility

standards set forth by the Supreme Court in *Iqbal* and *Twombly*. *Brown*, 662 F.3d at 1162-63. The Court noted:

> . . . *Iqbal* reinforced our earlier statement that in a § 1983 action it is "particularly important" that "the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ."

*Id.* (citations omitted) (emphasis in original). The Tenth Circuit Court concluded, in part, that Plaintiff Brown did not clearly allege who did what to whom. *Id.* at 1165.

In addition, the Tenth Circuit Court concluded that Plaintiff Brown failed to allege sufficient facts to establish that Secretary Williams violated any of his constitutional rights. Thus, even at the Rule 12(b)(6) stage, the Tenth Circuit Court determined Secretary Williams was entitled to qualified immunity. *Id.* at 1163-66. *But see Choate v. Lemmings,* 294 F. App'x 386, 390-91 (10th Cir. Sep. 22, 2008) (unpublished) (citation omitted) ("That the procedural posture of the dismissal was under Rule 12 rather than Rule 56 is important because '[a]sserting a qualified immunity defense via a Rule 12(b)(6) motion ... subjects the defendant to a more challenging standard of review than would apply on summary judgment.'").

Similar to the facts in *Brown*, Plaintiff did not allege adequate facts showing that Secretary Williams, through personal involvement or promulgation and execution of a policy, violated a clearly established constitutional right. *See id.* at 1164. Thus, the Court determines that Plaintiff's allegations fail to overcome Secretary Williams's qualified immunity defense as to § 1983 claims asserted against him in his individual capacity. Accordingly, the Court also will dismiss Plaintiff's § 1983 claims against Secretary Williams in his individual capacity on the alternative ground that Secretary Williams is entitled to qualified immunity. *See id.* at 1173.

13

IT IS THEREFORE ORDERED that STATE DEFENDANTS' MOTION TO DISMISS AND FOR QUALIFIED IMMUNITY AND MEMORANDUM IN SUPPORT THEREFORE (Doc. No. 59) is GRANTED, as follows: (1) all state tort claims brought under the New Mexico Tort Claims Act will be dismissed with prejudice against all State Defendants; (2) § 1983 claims brought against the State, the Corrections Department, and Defendant Joe Williams in his official capacity will be dismissed without prejudice; and (3) the sole remaining § 1983 claims against Defendant Joe Williams in his individual capacity will be dismissed with prejudice.

*James A. Parker*
James A. Parker
Senior United States District Judge